J. SCOTT WEAVER, ESQ., SBN 124297
A Member of WARTELLE, WEAVER & SCHREIBER,
A Professional Corporation d.b.a. WEST BAY LAW
582 Market Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 693-0504
Facsimile: (415) 693-9102
jscottweaver@aol.com

Attorney for Plaintiff MARINA PERLS

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA PERLS, <br><br> Plaintiff, <br><br> vs. <br><br> CITI PROPERTIES I, LLC., TROPHY PROPERTIES, VII, LLC., CITI APARTMENTS, INC., CITI FUNDING GROUP, INC., THE LEMBI GROUP, and DOES 1 through X, inclusive, <br><br> Defendants. | CASE NO. 3:08-CV-3200-EMC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT AFTER REMOVAL.** <br><br> Date: September 17, 2008 <br> Time: 10:30 a.m. <br><br> Courtroom C – 15th Floor <br> 450 Golden Gate Avenue <br> San Francisco, CA <br> Hon. Edward M. Chen |

---

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................ 2

II. STATEMENT OF FACTS ......................................................................................... 2

III. ARGUMENT ............................................................................................................. 5

    A. This Action Does Not Rise Under the Laws of the United States ..................... 5

        1. The Well Pleaded Complaint Does Not Raise a Federal Question ............ 5

        2. Plaintiff's State Law Claims Do Not Require Resolution of a Substantial Federal Question ................................................................... 6

        3. Plaintiff Is Entitled to Fees and Costs Incurred in Filing this Motion ....... 8

IV. CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Attorney General v. Brown,*
   400 Mass. 826, 511 N.E.2d 1103 (1987).................................................................. 7

*Bryant v. Britt,*
   420 F.3d 161 (2nd Cir. 2005) .................................................................................. 9

*Caterpillar, Inc. v. Williams,*
   482 U.S. 386 (1987) ............................................................................................ 6, 8

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,*
   545 U.S. 308 (2005) ......................................................................................... 6, 7, 8

*Gritchen v. Collier,*
   254 F.3d 807 (9th Cir. 2001).................................................................................. 5, 8

*Martin v. Franklin Capital Corporation,*
   546 U.S. 132, 141 (2005) ......................................................................................... 9

*Merrell Dow Pharmaceuticals Inc. v. Thompson,*
   478 U.S. 804 (1986) ............................................................................................ 5, 7

*Metropolitan Life Ins. Co. v. Taylor,*
   481 U.S. 58 (1987) .............................................................................................. 5, 7

*Montgomery County v. Glenmont Hills Associates Privacy World,*
   402 Md. 250, 273, 936 A.2d 325 (2007).................................................................... 7

*Salute v. Stratford Greens Garden Apartments,*
   136 F.3d 293, 298-99 (2nd Cir. 1998)........................................................................ 7

*Smith v. Kansas City Title & Trust Co.,*
   255 U.S. 180 (1921) ................................................................................................. 7

*Stallworth v. Greater Cleveland Regional Transit Authority,*
   105 F.3d 252 (6th Cir. 1997) .................................................................................... 9

*Stevenson v. San Francisco Housing Authority,*
   24 Cal.App.4th 269 (1994) ....................................................................................... 7

*The Fair v. Kohler Die & Specialty Co.,*
   228 U.S. 22 (1913) ................................................................................................... 6

*Transit Exp., Inc. v. Ettinger,*
   246 F.3d 1018 (7th Cir. 2001).................................................................................... 6

**Statutes**

28 U.S.C. § 1447(c) .................................................................................................... 8

28 U.S.C. §1331 .................................................................................................. 1, 5, 8

28 U.S.C. §1441(b) ..................................................................................................... 1

42 U.S.C. §1437f ................................................................................................. passim

42 U.S.C. §1437f(d)(1)(B)(ii) ..................................................................................... 8

Cal. Bus. & Prof. Code §17200 ............................................................................... 1, 5

Cal. Govt. Code § 12900............................................................................................ 1, 5

Cal. Govt. Code § 12926(i).......................................................................................... 2

Cal. Govt. Code § 12926(k) ......................................................................................... 2

Cal. Govt. Code §12927(c) .......................................................................................... 4

Cal. Govt. Code §12955.3........................................................................................... 2

California Civil Code § 51 ...................................................................................... 1, 5

California Civil Code § 54.1 ................................................................................... 1, 5

S.F. Admin Code Chapter 37, §37.9 ........................................................................ 1, 2

## I.
## INTRODUCTION

Plaintiff is a residential tenant in a building owned and operated by defendants. This action arises from defendants' failure to accommodate plaintiff's disability as required under the Fair Employment and Housing Act, Cal. Govt. Code § 12900, et seq., and the Unruh Civil Rights Act, California Civil Code §§ 51, 54.1. Plaintiff also seeks damages under these statutes as well as for intentional infliction of emotional distress, breach of the covenant of good faith and fair dealing, breach of the covenant of quiet enjoyment, negligence, and violation of the San Francisco Rent Control Ordinance, S.F. Admin Code Chapter 37, §37.9 (hereinafter, the "Rent Ordinance"). She also seeks injunctive relief under the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §17200, et seq.

Defendants removed this action originally filed in the San Francisco Superior Court to this court pursuant to 28 U.S.C. §1441(b), alleging that the action arises under the Section 8 Voucher Program, 42 U.S.C. §1437f. However, no federal claims are pled in the complaint. As no federal claim is alleged in the complaint, and as there is no substantial question of federal law, this court has no subject matter jurisdiction under 28 U.S.C. §1331. Therefore, the case should be remanded back to state court.

## II.
## STATEMENT OF FACTS

The complaint in the underlying action, a courtesy copy of which is filed herewith, alleges in substance the following:

Plaintiff Marina Perls is a tenant oat 510 26th Avenue, Apartment 502, San Francisco, California, (hereinafter "the premises"). Sometime in 2001, Ms. Perls moved into the premises under a month to month rental agreement with defendant CITI PROPERTIES I, LLC and TROPHY PROPERTIES, VII, LLCS' predecessor in interest.

Defendants CITI PROPERTIES I, LLC and TROPHY PROPERTIES, VII, LLC took ownership of the property and had CITIAPARTMENT, INC, CITI FUNDING GROUP, INC., and THE LEMBI GROUP perform management functions on their behalf.

Plaintiff's tenancy was at all times subject to the Rent Ordinance. Plaintiff's rent has been stabilized by the Rent Ordinance since his initial occupancy of the apartment, and therefore is well below the market rate for comparable apartments in San Francisco. Because plaintiff's rent was substantially below market rate, defendants had a strong financial incentive to displace plaintiff from the subject premises. Under the Rent Ordinance, plaintiff had a right to continue in possession of the subject premises at his rent-controlled rent subject only to the "just causes" for eviction under Chapter 37.9(a) of the Rent Ordinance. At all relevant times, defendants were aware that they would reap a substantial financial reward should plaintiff vacate the premises.

Plaintiff is disabled as defined under Cal. Govt. Code §§12955.3, 12926(i) & (k). Plaintiff has informed defendants of her disabilities. In order to protect her privacy, plaintiff did not state her disabilities in the Complaint.

Plaintiff was awarded a Section 8 Housing Choice Voucher pursuant to 42 U.S.C. §1437f. The Section 8 Voucher verifies that plaintiff is eligible to participate in the Housing Choice Voucher program. The purpose of this program is to subsidize plaintiff's rent so that plaintiff would pay no more than 30% of her income in rent to his landlord. The program operates through a housing assistance payments contract entered into between the owner of the apartment and the local housing authority. Through the housing assistance payment contract, the owner would be able to collect from plaintiff and the San Francisco Housing Authority a total rent near that charged on the open market for the San Francisco area as established by the U.S. Department of Housing and Urban Development. Plaintiff would pay 30% of her income towards that rent, and HUD, though the local housing authority, would pay the remainder (i.e. the subsidy).

The resident manager for the premises signed a "Request for Tenancy Approval" and permitted an inspection of the PREMISES by the San Francisco Housing Authority in order to approve the use of the Voucher by plaintiff at the PREMISES. The San Francisco Housing Authority thereafter inspected the PREMISES and found certain defects that defendants were required to correct. Defendants, after having corrected said defects, then refused to execute the further documents that were required to be executed by them in order to permit Ms. PERLS to use the Section 8 Voucher for the PREMISES.

Thereafter defendants rejected plaintiff's request that they accept her Voucher. Defendants suggested that plaintiff vacate and use the Voucher for rent at another building. On February 12, 2008, February 13, 2008, February 15, 2008 and March 5, 2008 plaintiff again reiterated hers request for a reasonable accommodation and outlined why acceptance of her Voucher would be a required reasonable accommodation on the basis of her specific disabilities. Defendants explicitly refused plaintiff's requests.

The complaint further alleges that the requested accommodation was necessary in order to permit plaintiff to use and enjoy her apartment as a non-disabled tenant would. Due to her disability, plaintiff cannot earn sufficient income to pay her rent and have enough money left over to meet her other living needs. Therefore, she cannot comfortably enjoy her apartment with such a small margin of income separating her from homelessness. Due to her disabilities, she worries about her financial security, and that negatively impacts her enjoyment of the premises.

In refusing to accept plaintiff's Section 8 Voucher, defendants did not consider plaintiff's reasonable accommodation request as required by state and federal law. Defendants did not consider plaintiff's individual needs to see if her requested accommodation might be necessary to allow her to use and enjoy her apartment as a non-disabled tenant would. Instead, defendants refused to consider plaintiff's request outright based upon a policy of never entering into housing assistance payments contracts for tenants with new Section 8 Vouchers in direct violation of State and Federal Law.

Defendants refused to reasonably accommodate plaintiff in violation of Cal. Govt. Code §12927(c), and therefore discriminated against plaintiff on the basis of her disability. Defendants discriminated against plaintiff by refusing to make reasonable accommodations in their rules, policies, practices, or services, in order to afford plaintiff and other similarly situated tenants and prospective tenants the equal opportunity to use and enjoy their dwelling. Specifically, defendants refused, when specifically asked as a reasonable accommodation, to modify their "No Section 8" policy to permit a disabled tenant to utilize the Section 8 subsidy program at the subject premises.

Defendants' actions as described above constitute a pattern, practice, and policy of housing discrimination on the basis of disability. As a result of the defendants' actions described above, plaintiff suffered, continues to suffer, and will in the future suffer irreparable loss and injury, including but not limited to anxiety, emotional distress, worry, humiliation, depression, embarrassment, economic loss, loss of use, and deprivation of his rights to equal housing opportunities regardless of disability.

In carrying out the conduct described above, defendants acted knowingly, willfully, wantonly, and in conscious or reckless disregard of plaintiff's right to fair housing regardless of disability.

Plaintiff seeks damages and injunctive relief under the following state law causes of action: Fair Employment and Housing Act, Cal. Govt. Code § 12900, et seq., the Unruh Civil Rights Act, California Civil Code §§ 51, 54.1, intentional infliction of emotional distress, breach of the covenant of good faith and fair dealing, breach of the covenant of quiet enjoyment, negligence, violation of the Rent Ordinance, and the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §17200, et seq. Plaintiff pled no federal causes of action or violation of any federal statute.

## III.

## ARGUMENT

**A.     This Action Does Not Arise Under the Laws of the United States.**

**1.     The Well-Pleaded Complaint Does Not Present a Federal Question.**

In order to establish subject matter jurisdiction based upon a federal question under 28 U.S.C. §1331, the federal question must appear upon a fair reading of the well-pleaded complaint. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986). The "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

A defense that raises a federal question is inadequate to confer federal jurisdiction. *Id; Gritchen v. Collier,* 254 F.3d 807, 812 (9th Cir. 2001). The "vast majority" of cases that come within this grant of jurisdiction are claims that arise under a law that creates the cause of action. *Merrell Dow Pharmaceuticals, supra,* 478 U.S. at 808. Since a defendant may remove a case only if the claim could

have been brought in federal court, 28 U.S.C. § 1441(b), the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Id.*

Here, there is no allegation that the defendants violated any federal law, or that plaintiff's claims arise under the Constitution or laws of the United States. Plaintiff may avoid federal jurisdiction by exclusively relying on state law claims in his complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 389 (1987). "The party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913).

No violation of federal law is pled by the complaint. There is no allegation that defendants violated any statute or regulation regarding the Section 8 Housing Voucher program, 42 U.S.C. §1437f. The complaint alleges that defendants refused to reasonably accommodate plaintiff's disability and accept his Section 8 Voucher in violation of California disability laws. "The mere existence of a federal regulatory framework does not convey federal jurisdiction over contractual disputes between private parties that are ancillary to the governmental interest." *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018, 1024 (7th Cir. 2001). The fact that there are federal funds "lurking in the background" cannot serve as an independent basis for establishing jurisdiction. *Id.* at 1026. Therefore the action should be remanded to state court.

### 2. **Plaintiff's State Law Claims Do Not Require Resolution of a Substantial Federal Question.**

The only exception to the above rules that could arguably apply to this case is where the state law claim necessarily raises a substantial and disputed federal issue.

> The question is does the state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 314 (2005).

In order to determine whether this exception applies, the court must first look to see whether the state law claim "necessarily" raises a federal issue. The federal issue must actually be in dispute. *Id.* at 313-15. This typically occurs where the state law claims are based upon a violation of a federal law. Here, plaintiff's claim is based entirely on the defendants' failure to accommodate his disability

by accepting his Section 8 voucher. No issue is presented as to the validity of the voucher or whether defendants violated any rules regarding the voucher program in rejecting plaintiff's reasonable accommodation request. In *Grable & Sons Metal Products, Inc., supra,* at 315, and *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 200-02 (1921), the state law relief requested was *based on* the defendant's violation of federal law. In *Grable & Sons, supra,* the federal violation was "essential" to the claim. Here, liability is not based upon the violation of any statute or regulation regarding the voucher program. There is no dispute that plaintiff is entitled to the voucher and no allegation that defendant violated any rules regarding the program. Therefore, the action does not "necessarily" raise a federal issue.

In order to meet the exception, defendants must also meet a second requirement that the federal issue is "substantial." *Grable & Sons Metal Products, Inc., supra,* at 313, 314. The "substantial" federal issue is one that has a "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313. Here, there is no substantial federal interest.

The federal courts look to various factors to determine the substantiality of the interest. For instance, where a federal law completely preempts state law, such as ERISA, that is an indicia of a substantial federal interest. See *Metropolitan Life Insurance Co., supra,* 481 U.S. at 64-67. Here, the Section 8 voucher program does not preempt state law, except where it is in direct conflict with it. *Stevenson v. San Francisco Housing Authority,* 24 Cal.App.4th 269, 280-81 (1994); *Attorney General v. Brown,* 400 Mass. 826, 511 N.E.2d 1103, 1105-06 (1987); *Montgomery County v. Glenmont Hills Associates Privacy World,* 402 Md. 250, 273, 936 A.2d 325 (2007). There is no direct conflict here.

Another indicia of the substantiality of the federal interest and a congressional intent to permit federal jurisdiction is whether a private right of action is permitted under the federal statute promoted as the basis for jurisdiction. *Merrell Dow Pharmaceuticals, Inc., supra,* 478 U.S at 812. Here, 42 U.S.C. § 1437f does not expressly grant a private right of action in favor of Section 8 certificate holders, *Salute v. Stratford Greens Garden Apartments,* 136 F.3d 293, 298-99 (2nd Cir. 1998). Therefore there is no express intention on the part of Congress to permit federal jurisdiction. Where there is a combination of no federal cause of action and no preemption of state law remedies, jurisdiction is improper. *Grable & Sons Metal Products, Inc., supra,* at 318.

Defendants may argue that provisions in 42 U.S.C. § 1437f provide a defense to plaintiff's claims. However, the law is clear that under the "well-pleaded complaint" rule, raising a defense based upon a federal issue does not confer subject matter jurisdiction under 28 U.S.C. §1331. Removal is not available where only a defense raises constitutional or federal issues. *Caterpillar Inc., supra,* 482 U.S. at 392-93; *Gritchen, supra,* 254 F.3d at 812.

Lastly, defendants must also show that granting federal jurisdiction will not disrupt the balance between state and federal jurisdiction which forms the basis of our federal system. *Grable & Sons Metal Products, Inc., supra,* at 314, 317. This determination requires "sensitive" and "careful judgments," *Id.* at 317, regarding "the disruptive portent in exercising federal jurisdiction." *Id.* at 314. Where the exercise of jurisdiction would create "a shift of traditionally state cases into federal courts, with an increase volume of federal litigation," *Id.* at 319, the court should recognize that such a shift would be inconsistent with congressional intent not to preempt and occupy the field, or create a private right of action in federal law, and remand the case to state court. *Id.*

Defendants' argument in this case would justify removing to federal court every dispute between a landlord and a holder of a Section 8 voucher simply because a determination regarding the rules and regulations of the voucher program could be important to resolving the dispute. For example, a Section 8 tenant facing eviction for "other good cause" under the program, 42 U.S.C. §1437f(d)(1)(B)(ii), could remove the case to federal court because the determination of what constitutes other good cause is arguably a matter of importance to the federal program. The federal courts would be flooded with eviction cases. Clearly, the fact that the Section 8 voucher program is an underlying fact in this state law discrimination claim is not sufficient to confer federal jurisdiction.

### 3. Plaintiff Is Entitled to Fees and Costs Incurred in Filing this Motion.

A district court may award attorneys' fees under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corporation,* 546 U.S. 132, 141 (2005). Here, no objectively reasonable basis for removal exists. Moreover, plaintiff is in danger of losing his Section 8 voucher if he does not use it. Removal delays resolution of this issue and threatens plaintiff's voucher.

The court retains jurisdiction following remand to consider an award of costs and fees. *Bryant v. Britt*, 420 F.3d 161, 165 (2nd Cir. 2005); *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 257 (6th Cir. 1997). Therefore plaintiff requests that this Court hold further hearing on a fee and cost request if it orders remand to state court.

## IV.

## CONCLUSION

Having no basis for federal question jurisdiction, defendants' removal to this Court was improper, and the case should be remanded back to state court.

Dated: July 31, 2008            WARTELLE, WEAVER & SCHREIBER
                                Attorneys for Plaintiff

                                By: /s/ J. SCOTT WEAVER
                                J. SCOTT WEAVER